# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 19-1934V
UNPUBLISHED

|  |  |
|---|---|
| BRENDA HUNDLEY,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 14, 2022<br><br>Special Processing Unit (SPU); Joint Stipulation on Damages; Tetanus Diphtheria acellular Pertussis (Tdap) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Emily Beth Ashe, Anapol Weiss, Philadelphia, PA, for Petitioner.*

*Andrew Henning, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON JOINT STIPULATION[1]

On December 20, 2019, Brenda Hundley filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, after receiving a tetanus, diphtheria, acellular pertussis ("Tdap") vaccine on April 5, 2017. Petition at 1, ¶¶ 3, 34; Stipulation, filed at June 14, 2022, ¶¶ 1-2, 4. Petitioner further alleges she received the vaccine in the United States, that she continues to suffer the residual effects of her SIRVA more than six months post-vaccination, and that neither she nor any other person has filed a civil action or received compensation for her SIRVA. Petition at ¶¶ 3, 34-35; Stipulation at ¶¶ 3-5. "Respondent denies that [P]etitioner's sustained a SIRVA Table injury; denies that the Tdap vaccine caused her alleged shoulder injury or any other injury or condition; and denies that her current condition is a sequelae of a vaccine-related injury." Stipulation at ¶ 6.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on June 14, 2022, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award $<u>67,683.23</u> as follows:**

1. **A lump sum payment of $<u>65,013.61</u> in the form of a check payable to Petitioner; and**

2. **A lump sum payment of $<u>2,669.62</u>, representing reimbursement of a Medicaid lien for services rendered to Petitioner by the Commonwealth of Virginia, in the form of a check payable jointly to Petitioner and the Department of Medical Assistance Services, and mailed to:**

Department of Medical Assistance Services
Accounts Receivable Units TPLC, 8th floor
600 E. Broad Street
Richmond, VA 23219
Invoice ID: 949735.

Stipulation at ¶ 8. Petitioner agrees to endorse the check to the Department of Medical Assistance Services for satisfaction of the Medicaid lien. These amounts represent compensation for all items of damages that would be available under Section 15(a). *Id.*

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

```
************************************
```
**BRENDA HUNDLEY,**              *
                                 *
        Petitioner,    *      **No. 19-1934V (ECF)**
                                 *      Chief Special Master Corcoran
v.                               *      SPU
                                 *
**SECRETARY OF HEALTH AND**      *
**HUMAN SERVICES,**              *
                                 *
        Respondent.    *
```
************************************
```

## STIPULATION

The parties hereby stipulate to the following matters:

1.     Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of a tetanus, diphtheria, acellular pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2.     Petitioner received the Tdap vaccine on or about April 5, 2017.

3.     These vaccine was administered within the United States.

4.     Petitioner alleges that she sustained a shoulder injury related to vaccine administration ("SIRVA") within the time period set forth in the Table. She further alleges that she has experienced residual effects of her alleged injury for more than six months.

5.     Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6.      Respondent denies that petitioner sustained a SIRVA Table injury; denies that the

Tdap vaccine caused her alleged shoulder injury or any other injury or condition; and denies that

her current condition is a sequelae of a vaccine-related injury.

7.      Maintaining their above-stated positions, the parties nevertheless now agree that

the issues between them shall be settled and that a decision should be entered awarding the

compensation described in paragraph 8 of this Stipulation.

8.      As soon as practicable after an entry of judgment reflecting a decision consistent

with the terms of this Stipulation, and after petitioner has filed an election to receive

compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human

Services will issue the following vaccine compensation payments:

A.      A lump sum of **$65,013.61** in the form of a check payable to petitioner; and

B.      A lump sum of **$2,669.62,**[1] representing reimbursement of a Medicaid lien for
        services rendered to petitioner by the Commonwealth of Virginia, in the form of a
        check payable jointly to petitioner and the Department of Medical Assistance
        Services:

> Department of Medical Assistance Services
> Accounts Receivable Units TPLC, 8th floor
> 600 E. Broad Street
> Richmond, VA 23219
> Invoice ID: 949735

Petitioner agrees to endorse this check to the Department of Medical Assistance

Services.  These amounts represent compensation for all damages that would be available under

42 U.S.C. § 300aa-15(a).

---

[1]      This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Virginia may have against any individual as a result of any Medicaid payments the Virginia Program has made to or on behalf of petitioner, Brenda Hundley, as a result of her alleged vaccine-related injury suffered on or about April 5, 2017, under Title XIX of the Social Security Act, *see* 42 U.S.C. § 300aa-15(g), (h).

9.      As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.     Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11.     Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.     The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.     In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action

3

(including agreements, judgments, claims, damages, loss of services, expenses and all demands

of whatever kind or nature) that have been brought, could have been brought, or could be timely

brought in the Court of Federal Claims, under the National Vaccine Injury Compensation

Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all

known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting

from, or alleged to have resulted from, the Tdap vaccine administered on April 5, 2017, as

alleged by petitioner in a petition for vaccine compensation filed on or about December 20,

2019, in the United States Court of Federal Claims as petition No. 19-1934V.

14.    If petitioner should die prior to entry of judgment, this agreement shall be

voidable upon proper notice to the Court on behalf of either or both of the parties.

15.    If the special master fails to issue a decision in complete conformity with the

terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity

with a decision that is in complete conformity with the terms of this Stipulation, then the parties'

settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.    This Stipulation expresses a full and complete negotiated settlement of liability

and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended,

except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of

the parties hereto to make any payment or to do any act or thing other than is herein expressly

stated and clearly agreed to. The parties further agree and understand that the award described in

this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the

items of compensation sought, is not grounds to modify or revise this agreement.

4

17.     This Stipulation shall not be construed as an admission by the United States or the

Secretary of Health and Human Services that petitioner sustained a SIRVA Table injury; that the

Tdap vaccine caused any other injury; or that her current condition is a sequelae of a vaccine-

related injury.

18.     All rights and obligations of petitioner hereunder shall apply equally to

petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

.PETITIONER:

BRENDA HUNDLEY

**ATTORNEY OF RECORD
FOR PETITIONER:**

EMILY ASHE
Attorney for Petitioner
Anapol Weiss
One Logan Square
130 N. 18th St. Ste. 1600
Philadelphia, PA 19103
Tel.: (866) 930-2217
Email: eashe@anapolweiss.com

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

George R.   Digitally signed by
            George R. Grimes -S14
Grimes -S14 Date: 2022.06.03
            15:50:49 -04'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

Dated: 6/14/2022

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR
RESPONDENT:**

ANDREW J. HENNING
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel.: (202) 616-4405
Email: andrew.j.henning@usdoj.gov

6